# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**PETER L. CHU,**

  Plaintiff,

v.    Case No. 10-cv-1422-RWT

**GREAT NORTHERN INSURANCE COMPANY,** *et al.*,

  Defendants.

## MEMORANDUM OPINION

On April 16, 2010, Plaintiffs Peter L. Chu and Ying L. Chu filed a six-count Complaint against Defendants Great Northern Insurance Company ("Great Northern"), The Chubb Indemnity Insurance Company, and The Chubb Insurance Group, in the Circuit Court for Montgomery County, Maryland. ECF No. 2. The Plaintiffs dismissed the claims against The Chubb Indemnity Insurance Company and The Chubb Insurance Group, leaving only Counts I breach of contract) and IV (consumer protection violation; unfair and deceptive trade practice) against Great Northern. ECF No. 3. A fire destroyed the Plaintiffs' home in July of 2008, and they request $5,000,000 in damages from Great Northern for failing to pay coverage for the loss under a home insurance policy. Compl. at 2, 7, ECF No. 2. On June 2, 2010, Great Northern, the sole remaining Defendant, removed the action to this Court on the basis of diversity jurisdiction. ECF No. 1.

## BACKGROUND

The Plaintiffs maintained a residence at 100 Ashton Oaks Court, Ashton, Maryland 20861. Compl. ¶ 1, ECF No. 2. Great Northern provided homeowners insurance coverage for the Plaintiffs' residence. *Id.* On July 6, 2008, a fire in the Plaintiffs' residence resulted in a total

loss of the premises. *Id.* ¶ 4. The Plaintiffs had paid all premiums due under their homeowners insurance policy, but Great Northern failed to pay for the losses that the Plaintiffs sustained from the fire. *Id.* ¶¶ 3, 5.

## **PROCEDURAL HISTORY**

On April 16, 2010, the Plaintiffs filed a Complaint in the Circuit Court for Montgomery County, Maryland, in Case No. 330400-V. ECF No. 2. Great Northern removed the action to this Court on June 2, 2010. ECF No. 1. On June 4, 2010, Great Northern filed a Motion to Dismiss Count IV of Plaintiffs' Complaint, which asserts a claim under the Maryland Consumer Protection Act. ECF No. 9. After the Plaintiffs entered a Line of Dismissal as to Count IV, ECF No. 11, the Court denied Great Northern's Motion to Dismiss as moot. ECF No. 16.

On July 20, 2010, Great Northern filed an Answer with Affirmative Defenses and Counterclaim. ECF No. 17. On May 12, 2011, the United States of America filed an Unopposed Motion to Intervene and Stay this Proceeding Pending Resolution of a Federal Criminal Investigation. ECF No. 29. On May 17, 2011, the Court granted the United States' Application to Intervene and stayed discovery in this matter pending the outcome of the federal criminal investigation.

The Plaintiffs filed a *pro se* Notice of Constitutional Violations on August 16, 2011, ECF No. 31, which the Court denied on September 12, 2011. ECF No. 34. On September 7, 2011, the Plaintiff's counsel filed a Motion to Strike Appearance, ECF No. 33, which the Court granted on September 19, 2011. ECF No. 36.

On February 16, 2013, the United States filed a Motion to Further Stay this Proceeding Pending Resolution of a Federal Criminal Investigation. ECF No. 42. The Court granted the United States' Motion on February 21, 2012, staying discovery in this matter and requiring the

2

United States to provide a status update on or before August 15, 2012. ECF No. 43. On August 15, 2012, the United States filed a letter to the Court, which indicates that the United States was not seeking a further stay of this matter. ECF No. 50.

The Court issued an Amended Scheduling Order on August 28, 2012, which provided that discovery would be completed by January 9, 2013. ECF No. 52. After the Plaintiffs filed a Motion to Compel Discovery, ECF No. 60, the Court referred the case to Magistrate Judge Jillyn K. Schulze for discovery. ECF No. 69. On February 12, 2013, Judge Schulze granted-in-part and denied-in-part the Plaintiffs' Motion to Compel. ECF No. 76.

Great Northern filed Motions to Compel on February 28, 2013, and March 22, 2013. ECF Nos. 77, 80. On March 28, 2013, Plaintiff Nancy Chu filed a Motion to Quash Subpoena for Deposition. ECF No. 84. On April 17, 2013, Judge Schulze issued a Letter Order granting Great Northern's Motions to Compel in full. ECF No. 89. Judge Schulze ordered that the Plaintiffs respond to Great Northern's request for production of documents by May 17, 2013; that the Plaintiffs select a proposed date for depositions by June 7, 2013; and that the discovery deadline of April 9, 2013, be extended solely for the discovery Judge Schulze outlined in the Order. *Id.* Judge Schulze wrote that the "Plaintiffs have to date refused to cooperate with defense counsel's efforts to obtain discovery." *Id.* Judge Schulze also called the Plaintiffs' attention to Rule 37(b)(2) of the Federal Rules of Civil Procedure, noting that "they will be subject to sanctions, including dismissal of their claim, for failure to provide documents and cooperate with scheduling and conducting their depositions." *Id.*

On June 24, 2013, Great Northern filed a Motion to Dismiss Plaintiffs' Complaint and Motion for Default Judgment on its Counterclaim. ECF No. 92. The Plaintiffs filed a Response to Great Northern's Motion on July 11, 2013. ECF No. 95.

**STANDARD OF REVIEW**

District courts possess "a comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Rule 37(b) and 37(d) provide that the Court may issue sanctions if a party fails to appear for a deposition, fails to respond to discovery requests, or fails to obey an order to provide discovery. *See* Fed. R. Civ. P 37(b), (d). Such sanctions may include "dismissing the action or proceeding in whole or in part," "rendering a default judgment against the disobedient party," and/or "reasonable expenses, including attorney's fees." Fed. R. Civ. P. 37(b)(2)(A)(v), (vi); Fed. R. Civ. P. 37(d)(3). Rule 41(b) states that if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

**ANALYSIS**

Judge Schulze's April 17, 2013 Order required Great Northern to provide each Plaintiff with three proposed deposition dates by May 31, 2013. ECF No. 89 at 2. The Order required the Plaintiffs "to select one of the three proposed dates and . . . advise [Great Northern] in writing of his or her selected date by not later than Friday, June 7, 2013." *Id.* On May 6, 2013, counsel for Great Northern sent a letter to the Plaintiffs to schedule "mutually agreeable dates and times" for depositions, and included with the letter a copy of Judge Schulze's Order. ECF No. 92-2 at 2. On May 23, 2013, counsel for Great Northern sent another letter to the Plaintiffs, which included three proposed dates to depose each of the Plaintiffs. *Id.* at 4. The Plaintiffs did not respond to these letters. ECF No. 92-1 at ¶¶ 6, 9. The Plaintiffs also failed to respond to Great Northern's request for production of documents by May 17, 2013, as required by Judge Schulze's Order. *Id.* at ¶ 4.

"[O]nly the most flagrant case, where the party's noncompliance represents bad faith and

callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." *Mutual Federal Sav. and Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). The Plaintiffs' unrelenting disobedience of their discovery obligations makes this matter a case of the most flagrant sort.

"Before ordering dismissal under Rule 37(b) or (d), the court applies a four-factor test: '(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.'" *Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, No. PWG–11–3555, 2013 WL 3863935, at *2 (July 23, 2013) (quoting *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC–09–2357, 2011 WL 1559308, at *2 (D. Md. Apr. 25, 2011)). "Prior to dismissal under Rule 41(b), the court must consider four similar factors: '(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice cased the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.'" *Id.* at *3 (quoting *Hillig v. Comm'r of Internal Review*, 916 F.2d 171, 174 (4th Cir. 1990)).

"'[T]he Court will combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b)' because the legal standards for dismissal under both rules are 'virtually the same.'" *Id.* (quoting *Taylor v. Fresh Fields Markets, Inc.*, No. 94–0055–C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996)). "The Court also considers whether the party facing dismissal or a default judgment is aware of these possible sanctions." *Id.*

First, the Plaintiffs have acted in bad faith in—and cannot deny personal responsibility for—their blatant discovery violations in this matter. "[N]oncompliance with discovery orders

supports a finding of bad faith." *Woodard-Charity*, 2013 WL 3863935, at *3. On April 17, 2013, Judge Schulze granted in full two Motions to Compel filed by Great Northern, which were prompted by the Plaintiffs' noncompliance with discovery obligations. ECF No. 89. Judge Schulze ordered the Plaintiffs to provide full responses to Great Northern's request for production of documents by May 17, 2013, and also ordered the Plaintiffs to select one of three deposition dates proposed by Great Northern, and to advise Great Northern in writing of their selected dates by June 7, 2013. *Id.* The Plaintiffs, however, failed to respond to Great Northern's requests for production of documents and never communicated with Great Northern to schedule depositions. Both of these failures are direct violations of the Court's April 17th Order, and amount to bad faith violations for which the Plaintiffs are personally responsible. The Plaintiffs' conduct reflects "a pattern of indifference and disrespect to the authority of the court," which cannot be tolerated. *Mutual Federal Sav. and Loan Ass'n*, 872 F.2d at 93.

Second, the Plaintiffs' discovery violations have caused significant prejudice to Great Northern. The Plaintiffs' failure to cooperate in scheduling depositions and refusal to answer Great Northern's discovery requests have "preclude[d] Defendant from preparing a defense." *Woodard-Charity*, 2013 WL 3863935, at *4. In addition, the Plaintiffs' noncompliance over the life of this action has required Great Northern to file multiple Motions to Compel Discovery. Consequently, Great Northern "suffered additional prejudice in the form of added expenses, aggravation, and delay." *Id.*

Third, the Plaintiffs' complete disobedience of Judge Schulze's discovery Order, and history of violating discovery requirements, calls for the need to deter the Plaintiffs from future non-compliance with their obligations as litigants who sought out and made use of this Court. The Plaintiffs have "not indicated a likelihood of responding to future discovery requests." *Id.*

6

Even with the threat of sanctions for noncompliance clearly spelled out by Judge Schulze in her discovery Order, the Plaintiffs still refused to engage in discovery. *See* ECF No. 89 at 2 (The Plaintiffs "attention is . . . directed to Rule 37(b)(2) of the Federal Rules of Civil Procedure, pursuant to which they will be subject to sanctions, including dismissal of their claim, for failure to provide documents and cooperate with scheduling and conducting their depositions."). This Court concludes that the Plaintiffs' defiance of Judge Schulze's Order requires severe sanctions.

Finally, the Court finds that sanctions less grave than dismissal and default judgment will not be effective in this case. The Plaintiffs initiated this action in April of 2010. Their *pro se* filing of statements that were "totally without merit" caused their counsel to withdraw from this case. ECF No. 33. Their refusal to participate in good faith in the discovery process has caused Great Northern to file numerous motions and this Court to invest great resources in this action. Their noncompliant behavior has contributed to the delay in resolving this matter, which has now been open for more than three years. Accordingly, the Court finds that dismissal with prejudice of the Plaintiffs' Complaint [ECF No. 2], and default judgment against the Plaintiffs for Great Northern's Counterclaims, is the only appropriate disposition of this matter.

In addition, because the Plaintiffs have not provided a substantial justification for failure to comply with the discovery Order or presented any other circumstances making an award of expenses unjust, the Court will, as it must, order , the Plaintiffs "to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C). Great Northern may submit a bill of costs and attorney's fees within fourteen (14) days of this Order, and within fourteen (14) days thereafter, the Plaintiffs may file a response. The Plaintiffs' response "shall be limited to: (1) objecting to the amount of fees and/or their reasonableness, and/or (2) providing a factual basis on which the Court may find that the imposition of attorney's fees would be unfair."

*Woodard Charity*, 2013 WL 3863935, at *5.

## CONCLUSION

For the foregoing reasons, the Court will grant the Defendant Great Northern Insurance Company's Motion to Dismiss Plaintiffs' Complaint and Motion for Default Judgment on its Counterclaim [ECF No. 92]. The Court will dismiss the Plaintiffs' Complaint [ECF No. 2] with prejudice, and enter a default judgment on Great Northern's Counterclaim in favor of Great Northern in the amount of $338,627.19, plus costs. The Court will also require the Plaintiffs to pay the reasonable expenses, including attorney's fees, caused by their failure to comply with Judge Schulze's April 17, 2013 Order. For that purpose, Great Northern may submit a bill of costs and attorney's fees within fourteen (14) days of this Order, and the Plaintiffs may file a response within fourteen (14) days thereafter. The Court will deny as moot Plaintiff Nancy Chu's Motion to Quash Subpoena for Deposition [ECF No. 84]. A separate Order follows.

Date: <u>August 26, 2013</u>　　　　　　　　　　　　　<u>　　　/s/　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　ROGER W. TITUS
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE