**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **PETER L. CHU**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 10-CV-1422-RWT |
| ) | |
| **GREAT NORTHERN** ) | |
| **INSURANCE COMPANY**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On August 26, 2013, this Court issued a Memorandum Opinion and Order granting Defendant Great Northern Insurance Company's ("Great Northern") Motion to Dismiss Plaintiffs' Complaint and Motion for Default Judgment on its Counterclaim. ECF Nos. 96, 97. The Court ordered the Plaintiffs, Peter Chu and Ying Chu ("the Chus") to pay reasonable expenses, including attorney's fees, incurred by Great Northern as a result of the Chus' failure to comply with a discovery order. *Id*. On August 30, 2013, in accordance with the Court's Order, Great Northern filed a Motion for Attorney's Fees. ECF No. 98. The Chus have not filed a response. On September 23, 2013, the Chus filed a Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e), claiming that the Court's decision "was based on a clear error of procedural law." ECF No. 99 at 1. The Chus contend that the Court did not comply with Fed. R. Civ. P. 72(a) because the Chus made timely objections to a magistrate judge's rulings, and this Court failed to properly review those rulings. *Id.* at 4. This Court's order dismissing the case does not constitute clear error, and the Chus' Motion to Alter or Amend the Judgment will

be denied. In addition, Great Northern's Motion for Attorney's Fees is reasonable and will be granted.

## Background & Procedural History

On January 11, 2013, this Court issued an Order referring the present case to Magistrate Judge Jillyn K. Schulze for resolution of discovery disputes. ECF No. 69. On February 1, 2013, the Chus objected to the referral Order, ECF No. 73, and on February 11, 2013, Judge Schulze held a telephone hearing during which she overruled the Chus' objection, ECF No. 76. On February 28 and March 22, 2013, Great Northern filed Motions to Compel Discovery, ECF Nos. 77, 80, and on April 17, 2013, Judge Schulze issued a Letter/Order granting the motions, ECF No. 89. On May 2, 2013, the Chus filed a "Response to the Defendant's Letter/Response to Plaintiff's Response to Magistrate Judge Schuze's [sic] Order Dated 4/17/2013" requesting, among other relief, that the Court "reconsider its order granting the Defendants [sic] motion to compel in light of the Provisions of Rule 45," ECF No. 90. That same day, Judge Schulze issued a Memorandum denying the request for reconsideration, saying that "although the court did not specifically reference Rule 45 in its Order, the court addressed the Rule 45 issue…." ECF No. 91.

On June 24, 2013, Great Northern filed a Motion to Dismiss and Motion for Default Judgment on its Counterclaim based on the Chus' failure to comply with discovery obligations. ECF No. 92. On July 11, 2013, the Chus filed a Response, arguing that their failure to comply with Judge Schulze's orders was based on their belief that the orders were void pursuant to Fed. R. Civ. P. 72, which requires the district judge to review a magistrate judge's order when a party files a timely objection. ECF No. 95. On August 26, 2013, this Court granted Great Northern's motion, directed Great Northern file a motion for attorney's fees, and gave the Chus

an opportunity to respond to any motion for fees within 14 days. ECF No. 97. On August 30, 2013, Great Northern filed its Motion for Attorney's Fees with a bill of costs and attorney's fees, ECF No. 98, and the Chus have not filed a response. On September 23, 2013, the Chus filed a Motion to Alter or Amend the Judgment, arguing again that they believed Judge Schulze's orders were void pursuant to Fed. R. Civ. P. 72, which requires a district judge to review a magistrate judge's orders when a party makes a timely objection. ECF No. 99. On October 7, 2013, Great Northern filed a response in opposition. ECF No. 103.

<u>Motion to Alter or Amend the Judgment</u>

A court may grant a Rule 59 motion to alter or amend a judgment "in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005) (internal quotation marks and citations omitted). Such a motion "is not a license to reargue the merits or present new evidence." *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F.Supp.2d 676, 677 n.1 (D. Md. 2001) (citing *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658 (4th Cir. 1992)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citations omitted). Specifically, to justify reconsideration on the basis of clear error, the earlier decision must not be "just maybe or probably wrong; it must … strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Chus argue that this Court erred in granting Great Northern's motions because the Chus timely objected to Judge Schulze's discovery orders, and they were waiting for de novo review by a district judge, pursuant to Fed. R. Civ. P. 72(a). ECF No. 99 at 4. These arguments have already been considered and reasonably rejected by this Court. ECF Nos. 95, 96. The Chus have not proffered any basis for a Rule 59 motion other than restating their previous claims.

Even if it were appropriate for the Court to consider this motion on the merits, it is clearly frivolous. Under Rule 72, a "district judge in the case must consider timely objections and modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The Chus did not make any objections properly reviewable by a district judge under Rule 72.  First, the Chus' objection to the referral of discovery matters to Magistrate Judge Schulze was an objection to an order of this Court, not to an order of the Magistrate Judge, and thus is not governed by Rule 72(a). Furthermore, it was clearly appropriate to refer the discovery disputes to a magistrate judge. *See* Local Rule 301.5. Second, the Chus' letter requesting reconsideration of Judge Schulze's order granting Great Northern's motion to compel was not an objection, but a request for reconsideration, properly denied by Judge Schulze, and not governed by Rule 72(a), either. This Court did not make a "clear error of law" or cause "manifest injustice" by issuing a judgment in favor of the Defendant, nor have the Chus argued that there was a change in controlling law or introduced evidence not previously available. *Bogart,* 396 F.3d at 555. Therefore, the Court will deny the Chus' Motion to Alter or Amend the Judgment.

## Motion for Attorney's Fees

Under Rule 37(b)(2)(C) "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees," caused by the

4

failure to comply with a court order for discovery. Fed. R. Civ. P. 37(b)(2)(C). Reasonable attorney's fees are determined by calculating the "lodestar figure," which is the number of reasonable hours expended by counsel multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citations omitted). When determining reasonable hours and rates, this Court may consider (1) the twelve factors set out in *Johnson v. Ga. Highway Express, Inc.*,[1] *Robinson*, 560 F.3d at 243-44, and (2) the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the "Guidelines"), found in Appendix B of the Local Rules of the U.S. District Court for the District of Maryland. *See Prestige Capital Corp. v. Target Masonry & Flooring, Inc.*, 2012 WL 44445 at *1-2 (D. Md. Jan. 5, 2012). When counsel submits a bill of costs and attorney's fees, the Guidelines are especially helpful in assessing the reasonableness of the hourly rates and billed hours. *See Suggs v. Starbucks Corp.*, 2011 WL 5109853 (D. Md. Oct. 27, 2011).

The hourly rates charged by Great Northern's attorneys are reasonable. The Guidelines set forth "presumptively reasonable fee ranges to aid this Court in awarding fees." *Life Technologies Corp. v. Life Technologies Corp.*, 2012 WL 4748080 (D. Md. Oct. 2, 2012).

---

[1] The *Johnson* factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44 (adopting the factors in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

Section 3 of the Guidelines advises that a reasonable hourly rate for an attorney admitted to the bar for twenty (20) years or more is $300-475, a reasonable hourly rate for an attorney admitted to the bar for less than five (5) years is $150-225, and a reasonable hourly rate for paralegals is $95-150. Two attorneys for Great Northern, Thomas McKay, III of Cozen O'Connor ("McKay") and Brian E. Hoffman of Saunders & Schmieler, P.C. ("Hoffman") submitted affidavits and bills of costs and attorney's fees with Great Northern's Motion for Attorney's Fees. ECF No. 98. McKay has been admitted to the bar for over forty (40) years, according to his law firm's website, and he charges an hourly rate to Great Northern of $320. ECF No. 98-1 at 2; http://www.cozen.com/people/bios/mckay-thomas. His paralegal charges a rate of $100. ECF No. 98-1 at 2. Hoffman charges an hourly rate of $150. ECF No. 98-2 at 1. Under the Guidelines, McKay's hourly rate of $320, at the low end of the range, is reasonable for an attorney of his experience; Hoffman's rate of $150 is reasonable regardless of how long he has been admitted to the bar; and the paralegal's rate of $100, at the low end of the range, is also reasonable.

This Court has reviewed the detailed schedules submitted and finds that the hours billed are also reasonable. "A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *CoStar Group Inc. v. LoopNet, Inc.*, 106 F.Supp.2d 780, 788 (D. Md. 2000) (citations omitted). Here, both McKay's and Hoffman's bills of cost include a detailed record of the hours expended and the nature of the work done. The tasks for which the attorneys seek fees are limited to discovery-related litigation stemming from the Motion to Compel, and drafting of the Motion to Dismiss and Motion for Judgment on the Counterclaim filed because of the Chus' failure to comply with the discovery

order. ECF No. 98. McKay billed his client for 1.80 hours of his own time, 0.10 hours of his paralegal's time, and UPS costs of $36.62. *Id.* Hoffman billed the client for 10.80 hours of time spent drafting the Motion to Dismiss, Motion for Sanctions, and Motion for Judgment on the Counterclaim. *Id.*

The bill of costs and attorney's fees totaling $2,244.86 is reasonable. The Chus did not take the opportunity given by this Court to dispute the fees, and Great Northern's Motion for Attorney's Fees will be granted.

Accordingly, it is, this 30th day of July, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Plaintiffs' Motion to Alter or Amend the Judgment (ECF No. 99) is **DENIED**; and it is further

**ORDERED**, that the Defendant's Motion for Attorney's Fees (ECF No. 98) is **GRANTED**; and it is further

**ORDERED**, that attorney's fees and costs are awarded to Defendant in the amount of $2,244.86, with interest from the date of this Order; and it is further

**ORDERED**, that the Clerk is directed to enter judgment in that amount in favor of the Defendant and against the Plaintiffs.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE